FILED

JUNE 1, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 8:34 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | |
|---|---|
| William Scott,<br>　　　　Employee,<br>v.<br>Air Now,<br>　　　　Employer. | ) Docket No.: 2016-06-0081<br>)<br>) State File Number: 86896-2015<br>)<br>) Judge Kenneth M. Switzer<br>) |

---

## EXPEDITED HEARING ORDER GRANTING ADDITIONAL MEDICAL AND PAST TEMPORARY DISABILITY BENEFITS

---

This case came before the undersigned workers' compensation judge on May 25, 2016, on the Request for Expedited Hearing filed by the employee, William Scott, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is Mr. Scott's entitlement to additional medical benefits, in particular a new panel of physicians, and past temporary disability benefits. There are two issues. The first is the sufficiency of the panel the employer, Air Now, offered Mr. Scott following his work injury. The second issue is whether Air Now is liable for past temporary disability benefits when the authorized treating physician placed Mr. Scott at maximum medical improvement, but later assigned temporary work restrictions. For the reasons set forth below, the Court finds Air Now's panel legally insufficient and Mr. Scott is entitled to past temporary disability benefits from January 8 through 28, 2016.[1]

### History of Claim

Mr. Scott is a forty-three-year-old resident of Wilson County, Tennessee. He worked at Air Now, an HVAC service, as a general manager.

On October 7, 2015,[2] while working for Air Now, Mr. Scott sustained injuries in a

---

[1] A complete listing of the technical record and exhibits admitted at the expedited hearing is attached to this order as an appendix.

[2] Mr. Scott initially testified the date of injury was October 27, 2015, but ultimately concluded October 7, 2015, is the correct date.

motor vehicle accident. Air Now agreed Mr. Scott's injuries resulting from the accident are compensable.

The first issue involved Mr. Scott's selection of an authorized treatment provider. He testified an adjuster for Air Now's carrier conveyed a list of providers during a telephone conversation. Mr. Scott stated, "I believe they were reading me the list, but each doctor I chose was unavailable until we got down to Dr. [Sean] Kaminsky." Mr. Scott recalled "three or four" doctors were read, and Dr. Kaminsky was his third choice. On cross-examination, Mr. Scott reiterated that three or four doctors were on the panel, but "none of them were available for whatever reason," and, "Dr. Kaminsky was the only doctor left." Mr. Scott did not elaborate what he meant by "unavailable," and indicated his main concern at the time had to do with location of the doctor's office. Mr. Scott received a written panel from a nurse case manager at a subsequent visit to Dr. Kaminsky, which Mr. Scott signed and returned to the nurse case manager. Neither party introduced a copy of the written panel into evidence at the expedited hearing.

The second issue concerned Mr. Scott's entitlement to past temporary disability benefits. At Mr. Scott's first visit with Dr. Kaminsky on November 9, 2015, Dr. Kaminsky placed him on light-duty restrictions and diagnosed strains of the muscles and tendons of the rotator cuffs of both shoulders. (Exs. 2, 3.) According to Mr. Scott, at a later follow-up visit on December 8, 2015, Dr. Kaminsky "released me, even though I was still complaining about my right shoulder—I'm sorry, my left shoulder—which he did not address whatsoever in any way." However, the November 9, November 30, and December 8, 2015 records document that Mr. Scott brought his left-shoulder pain to Dr. Kaminsky's attention at each visit. (*See generally* Ex. 2.) Dr. Kaminsky lifted the work restrictions on December 8 and declared Mr. Scott at maximum medical improvement (MMI). (Ex. 3.)

Mr. Scott saw Dr. Kaminsky again on January 7, 2016. At that visit, Mr. Scott asked Dr. Kaminsky to remove the MMI designation. He sent Dr. Kaminsky a letter making the same request, which neither party introduced into evidence. Mr. Scott acknowledged Dr. Kaminsky declined his request. Dr. Kaminsky diagnosed pain in both shoulders and left-shoulder impingement syndrome, and assigned temporary light-duty restrictions. (Exs. 2, 3.)

Mr. Scott's last visit with Dr. Kaminsky took place on January 28, 2016. The "history" portion of Dr. Kaminsky's notes stated, in part, "The left shoulder is actually doing quite well at this time." For "treatment," Dr. Kaminsky noted:

> We discussed the results of the CT arthrogram, study of the shoulder. This showed a possible nondisplaced SLAP tear in addition to a pulmonary nodule. . . . He feels his left shoulder pain is "98%" better. . . . His biggest concern at this time is related to the date of his maximum medical

improvement. He feels this should be changed.

Mr. Scott recalled the following exchange at this visit: "He told me I had a tear in my shoulder. I told him I was still in pain. He said, 'Work through it.'" Dr. Kaminsky released him to return to work without restrictions. (*See generally* Ex. 2.)

Dr. Kaminsky's February 9, 2016 Final Medical Report listed an MMI date of December 8, 2015, and placed a zero percent impairment rating to both shoulders. (Ex. 5.) However, both shoulders still hurt, according to Mr. Scott. While treating with Dr. Kaminsky, Mr. Scott never requested a different physician.

Air Now terminated Mr. Scott at the end of November for reasons unrelated to the workers' compensation claim. According to Mr. Scott, he received one temporary disability payment relative to the work injuries. The parties did not introduce a wage statement or proof of the temporary disability benefit sum paid to Mr. Scott, nor did Mr. Scott testify regarding his pre-injury wages.

## Findings of Fact and Conclusions of Law

The following legal principles govern this case. In general, Mr. Scott bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Mr. Scott need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at an expedited hearing, Mr. Scott has the burden to come forward with sufficient evidence from which the trial court can determine he is likely to prevail at a hearing on the merits. *Id.*

The Workers' Compensation Law requires employers to furnish, free of charge to the injured employee, medical treatment made reasonably necessary by the work-related accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). The law further states, where an employee suffers an injury and expresses a need for medical care, "the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015). In addition, the statute reads:

> The employer shall provide the applicable panel of physicians or chiropractors to the employee in writing on a form prescribed by the bureau, and the employee shall select a physician or chiropractor from the panel, sign and date the completed form, and return the form to the

employer. The employer shall provide a copy of the completed form to the employee and shall maintain a copy of the completed form in the records of the employer and shall produce a copy of the completed form upon request by the bureau.

Tenn. Code Ann. § 50-6-204(a)(3)(D)(i) (2015).

In this case, the unrebutted testimony is Mr. Scott received a verbal panel from which he selected Dr. Kaminsky after learning the other listed doctors were unavailable. Later, a nurse case manager presented him with a written panel during an appointment time with Dr. Kaminsky. Mr. Scott admitted to signing it, assuming the list was identical to that given him over the phone. Mr. Scott testified he returned the signed panel to the nurse case manager. Mr. Scott contended the panel received was defective. Air Now did not rebut Mr. Scott's testimony nor did it produce a copy of the completed form. The plain language of the statute requires it to maintain a copy, which it failed to do. On the record presently before the Court, it must find the panel containing Dr. Kaminsky's name defective and order that Air Now offer a new panel in compliance with Tennessee Code Annotated section 50-6-204.[3] Members of that panel shall possess the same areas of expertise as Dr. Kaminsky.

Next, the Court considers whether Mr. Scott is entitled to past temporary disability benefits. In *Jones v. Crencor,* No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at * 7-8 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015), the Appeals Board held:

An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978). . . . Temporary partial disability benefits, a category of vocational disability distinct from temporary total disability, is available when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2014). Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.,* No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005). Thus, in circumstances where the treating physician has released the injured worker to return to work with restrictions prior to maximum medical improvement, and the employer . . . cannot return the employee to work within the restrictions . . . the injured

---

[3] In so ruling, the Court specifically declines to address Mr. Scott's contention that the panel was defective due to the "unavailability" of physicians, not does it address any alleged failings on Dr. Kaminsky's part regarding the quality of care he provided.

4

worker may be eligible for temporary partial disability.

*Id.* Temporary disability benefits are terminated by attainment of maximum recovery. *Jones,* 2015 TN Wrk Comp. App. Bd. LEXIS 48 at \*7.

Here, the parties agree Mr. Scott became disabled due to a compensable work-related injury, and that a causal link exists between the injury and his inability to work. They dispute the propriety of terminating his benefits on December 8, 2016, and whether the benefits should have been reinstated on January 7 until January 28, 2016.

Dr. Kaminsky's records clearly place Mr. Scott at MMI on December 8, 2015. Therefore, Air Now's termination of temporary disability benefits at that time was proper. At the January 7, 2016 office visit, Dr. Kaminsky reinstated the temporary light-duty restrictions. He pronounced Mr. Scott at MMI once again on January 28, 2016.

Air Now argued that although Dr. Kaminsky placed Mr. Scott on temporary work restrictions on January 7, 2016, he declined to lift the MMI designation despite prodding from Mr. Scott. Thus, according to Air Now, Mr. Scott remained at MMI throughout that month. The Court is not persuaded. A worker can simultaneously be at MMI and under permanent work restrictions. However, common sense dictates that a worker cannot simultaneously be at MMI and under temporary work restrictions, which limited his ability to work during this time period. Therefore, on January 7, 2016, Mr. Scott was no longer at MMI. By that time, he was no longer employed at Air Now, so that light-duty work was not an option. Dr. Kaminsky placed Mr. Scott at MMI once again on January 28, 2016. Therefore, Mr. Scott is entitled to temporary partial disability benefits from January 7 through 28, 2016.[4]

As a final matter, Mr. Scott argued the December 8, 2016 MMI determination was erroneous and therefore his entitlement to past-due temporary total disability benefits extends back to that date. The Court disagrees, declining to substitute its judgment regarding Mr. Scott's condition by labelling Dr. Kaminsky's medical determination as "erroneous."

**IT IS, THEREFORE, ORDERED** as follows:

1. Air Now or its workers' compensation carrier shall provide Mr. Scott with medical treatment for his injuries as required by Tennessee Code Annotated section 50-6-204 (2015), to be re-initiated by Air Now or its workers' compensation carrier providing Mr. Scott with a panel of specialists. Mr. Scott or the providers selected

---

[4] Since neither party introduced a wage statement into evidence or took testimony regarding Mr. Scott's compensation rate, the Court is unable to calculate the exact sum owed to Mr. Scott and leaves that calculation to counsel.

from the panel shall furnished medical bills to Air Now or its workers' compensation carrier for prompt payment.

2. Payment of past-due temporary disability benefits shall be made for the period from January 8 to 28, 2016.

3. This matter is set for an Initial (Scheduling) Hearing on July 18, 2016 at 9:30 a.m.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 1st day of June, 2016.**

_____
**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a

statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

1) Revised Affidavit of Counsel in Support of Request for Expedited Hearing
2) Medical records, Dr. Kaminsky
3) Work Status Reports
4) MRI prescription and CT report
5) Final medical report

Technical Record:[5]
1. Petition for Benefit Determination, January 20, 2016
2. Dispute Certification Notice, March 10, 2016
3. Request for Initial Hearing, April 8, 2016
4. Order, April 26, 2016
5. Request for Expedited Hearing, May 5, 2016

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the expedited hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 1st day of June, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Zachary Wiley, Employee's Counsel | | | X | zwiley@forthepeople.com |
| Ryan Sarr, Employer's Counsel | | | x | rsarr@morganakins.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

10